IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DARLENE MORIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09-cv-2637 |
| ) | |
| TARGET CORPORATION, ) | Judge Robert M. Dow, Jr. |
| A Minnesota Corporation, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Darlene Morin's ("Morin") motion for leave to file a motion to remand [12] this case to the Circuit Court of Cook County. For the reasons stated below, Plaintiff's motion is denied.

**I.    Background**

On December 23, 2006, Plaintiff entered one of Defendant Target Corporation's ("Target") retail stores in St. Charles, Illinois. While selecting a shopping cart, she was struck by a chain of shopping carts that was being transported into the store by a motorized cart operated by an employee of the Defendant.[1] On December 17, 2008 Plaintiff filed a complaint in the Circuit Court of Cook County, Illinois alleging that she was injured as a result of Defendant's negligence. Defendant then filed and served on Plaintiff's counsel a notice of removal to this Court on April 29, 2009.[2] Plaintiff now contends that the removal was procedurally defective because it was not timely filed, and that this case therefore should be remanded to state court.

---

[1] In deciding whether to remand a case, the Court assumes the truth of the factual allegations of the complaint. See *Sheridan v. Flynn*, 2003 WL 22282378, at *3 (N.D. Ill. Sept. 30, 2003).

[2] Defendant subsequently filed a "Corrected Notice of Removal" and "Corrected Memorandum of Law in Support in Support of Notice of Removal" on May 4, 2009.

However, because Plaintiff did not file a motion to remand within the statutorily prescribed period, she first must persuade the Court to entertain the merits of that motion. Accordingly, this motion is limited to Plaintiff's request for the Court to exercise its discretion to grant leave to file the out-of-time motion. Having carefully considered the contentions of the parties, the Court denies Plaintiff's motion for leave to file a motion to remand.

## II. Analysis

In general, a defendant desiring to remove a civil action from state court must do so within thirty days after receiving a copy of the initial pleading or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. See 28 U.S.C. §§ 1446(a)-(b). However, in some circumstances, a defendant may remove after that thirty day window expires:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b).

In this case, Defendant filed its notice of removal on April 29, 2009 – well beyond thirty days after it received a copy of the complaint. In support of its removal, Defendant stated that (i) the complaint did not allege where Plaintiff was domiciled and (ii) only after receiving an interrogatory answer revealing that Plaintiff was a citizen of Wisconsin did Defendant ascertain that complete diversity existed and that removal thus was proper.

If the exception upon which Defendant relied to remove the case after thirty days does not apply, as Plaintiff contends, then removal was untimely and a properly filed motion to remand would have been granted. At the very least, it would have been Defendant's burden to show the propriety of removal. See *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). But Plaintiff did not timely request remand, and the motion now before the Court constitutes the initial step in Plaintiff's belated attempt to remedy that oversight.[3]

In general, "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Plaintiff's remand motion does not suggest that this Court lacks subject matter jurisdiction. Accordingly, Plaintiff had thirty days after Defendant filed its notice of removal in which to file a motion to remand. Pursuant to that schedule, Plaintiff's remand motion should have been filed by May 29, 2009 – or, at the latest, June 4, 2009 – but was not actually filed until June 12, 2009.[4]

Plaintiff contends that even though her motion to remand was filed more than a week late, it is within the Court's discretion to consider it pursuant to Fed. R. Civ. P. 6(b)(1)(B), which states: "When an act may or must be done within a specified time, the court may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect." The "excusable neglect" standard is an equitable determination that must take into account all relevant circumstances surrounding the party's omission. See

---

[3] Untimely removal of a state court action is a procedural defect that may be waived. See *McCoy by Webb v. Gen. Motors Corp.*, 226 F. Supp. 2d 939, 943 (N.D. Ill. 2002).

[4] As Plaintiff notes, Defendant's initial notice of removal contained myriad errors, including incorrectly stating the plaintiff's name and basis of injury. But even if the Court were to disregard the initial notice of removal and instead begin the clock as of the filing of the corrected notice of removal on May 4, 2009, Plaintiff's motion to remand still would be untimely.

3

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).[5] It also is a "somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Id*. at 392. The Supreme Court approved a list of factors for courts to consider when determining whether a party's delay is a result of "excusable neglect:" (i) the danger of prejudice to the non-moving party[6]; (ii) the length of the delay and its potential impact on judicial proceedings; (iii) the reason for the delay; (iv) whether the delay was within the reasonable control of the movant; and (v) whether the movant acted in good faith. *Id*. at 395. Plaintiff maintains that with these factors as guideposts, her tardy motion to remand should be considered "excusable neglect."

### A. Factors Supporting "Excusable Neglect"

The Court believes that there is little danger of prejudice to Defendant if the motion is granted. Although Defendant is correct that it will incur additional fees and costs to respond to the remand motion, such an argument always can be made by a party opposing a Rule 6(b)(1)(B) motion, and therefore carries little weight on its own. Defendant's position that it would not have otherwise incurred those fees and costs "but for Plaintiff's failure to object to the removal before the applicable statutory deadline" is incorrect – it certainly would have incurred those costs if Plaintiff had timely filed the motion to remand. Defendant also argues that if the action is remanded, it will incur additional fees to file a *forum non conveniens* motion and may in fact be precluded from filing such a motion at all because the deadline may have expired. Defendant maintains that the action should have originally been filed in Kane County, Illinois where the

---

[5] Although *Pioneer* arose in the bankruptcy context, the Court discussed the meaning of "excusable neglect" under Rule 6(b) (*id*. at 391-392) and *Pioneer* has since been applied routinely outside the bankruptcy area. See, *e.g.*, *Lewis v. School District #70*, 523 F.3d 730, 739-740 (7th Cir. 2008).

[6] In *Pioneer*, the Court used the term "danger of prejudice to the debtor." Courts have since generalized the term to the "nonmoving party" (see *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 523 (6th Cir. 2006)) or elided the term "to the debtor" where appropriate (see *Lewis*, 523 F.3d at 740).

4

incident took place. Again, the Court gives little weight to this suggestion of prejudice. If Defendant truly believed the case should have been filed in Kane County, it had four months to file a motion for transfer when the case originally was filed.

Neither party puts much emphasis on the length of delay of roughly two weeks. Courts have denied Rule 6(b)(1)(B) motions for shorter periods (see *Ramos v. Quien*, 2008 WL 4949896 (E.D. Pa. Nov. 17, 2008) (one day late)) and granted them for longer lapses (see *Pall Corp. v. Entegris, Inc.*, 249 F.R.D. 48 (E.D.N.Y. 2008) (one month)). The parties also largely ignored how the delay potentially impacts the judicial proceedings. However, the Court concludes that the delay was minimal and that the impact would be slight. Although the parties would have to complete briefing the remand issue, a decision on that motion would not be dispositive. Discovery already is proceeding in this case. The information gathered during discovery will be relevant regardless of the forum in which this case will be litigated. The remand motion would essentially be proceeding down a parallel track and would not interfere with the merits of the case. Because determination of this motion would not delay the case in its early stages, there would little impact on the proceedings, which further suggests that Defendant would not be prejudiced by permitting the motion to remand. Finally, beyond pointing out that Plaintiff knew of the deadline before it expired, Defendant has not cast doubt on Plaintiff's "good faith" in bringing this motion.

**B. Factors Militating Against "Excusable Neglect"**

Plaintiff's primary justification for missing the deadline is that her new counsel, retained only after the action was removed, did not discover the basis for remand until the time for filing the motion expired. Plaintiff initially hired an attorney who filed the complaint in Cook County. After the case was removed to federal court, Plaintiff added a new attorney to assess the

5

possibility for remand (although her original attorney also remains counsel of record before this Court). The new attorney states that he did not discover the basis for the proposed remand motion until he had a chance to review the file, by which time the deadline had passed. The evidence that Plaintiff's new attorney found in the file is a report, created by a Target employee on the day of the incident giving rise to this lawsuit, that lists Plaintiff as having a Wisconsin address (although with an Illinois phone number). Plaintiff claims that because the report was within Defendant's control since the date of the incident, Defendant was on notice that complete diversity existed when the complaint was filed and had thirty days from receiving the complaint to remove the action. In other words, Defendant had no valid basis for waiting until the receipt of Plaintiff's answer to interrogatories to remove the case to federal court.

Although the Court notes the basis for Plaintiff's remand motion for context, the substance of the argument is not before the Court. The pertinent question for disposition of the motion now before the Court remains whether Plaintiff's discovery of this report after the deadline amounts to "excusable neglect."

The justification provided by Plaintiff does little to support a finding of "excusable neglect." The reason for delay was squarely within the control of Plaintiff and her attorneys. Plaintiff contends that her new attorney discovered the basis for remand only after he had a chance to review the file. But Plaintiff does not contend that the incident report was not in the file when her new counsel began to review the case. Given that this is a fairly straightforward negligence case, the amount of material in the file cannot be that large. Although the time to discover the incident report was not extensive, there was sufficient time to discover the incident before the deadline expired.

In addition, Plaintiff previously was represented by counsel who presumably knew (or should have known) of the incident report. The act of retaining additional co-counsel in a case seems to be a thin reed on which to hang a request for an extension pursuant to Rule 6(b). See *Cuttle v. Fed. Employees Metal Trades Council*, 623 F. Supp. 1154, 155 n.1 (D. Me. 1985). Indeed, not only did Plaintiff's original counsel presumably have more familiarity with the facts and documents at issue in the case, *but he also informed Defendant that Plaintiff intended to file a remand motion prior to the deadline*. Because Plaintiff was aware of the deadline, she cannot seek refuge in the fact that excusable neglect extends to delay "caused by inadvertence, mistake, or carelessness." *Pioneer Inv. Servs. Co.*, 507 U.S. at 388; see also *Lewis*, 523 F.3d at 741 (finding excusable neglect based on a "plausible misinterpretation of ambiguous rules") (citation omitted).

Plaintiff acknowledges that it was aware of the deadline and yet contends that a remand motion would not have been in "good faith" at that time because it was not until her new attorney discovered the incident report that a strong case for remand could be made. That argument also fails to persuade. To begin with, because it is defendant's burden to justify removal, it is difficult to imagine that a removal relying on an exception to the thirty day rule cannot be attacked on a good faith basis. While the incident report may have bolstered Plaintiff's argument, it is unlikely that a motion lacking that information would have been in bad faith. In any event, Plaintiff provides no support for the proposition that "excusable neglect" can be founded on information that could have been timely identified, but was not. The Seventh Circuit has stated that "inattentiveness to the litigation is not excusable" and that "[m]issing a filing deadline because of slumber is fatal. *Matter of Plunkett*, 82 F.3d 738, 742 (7th Cir. 1996). While Plaintiff's retained counsel certainly was not "slumbering" to the degree that the attorney

in *Plunkett* was – here, counsel came up with a viable argument for remand, albeit late – the fact that, prior to the deadline for filing a remand motion, another of Plaintiff's attorneys communicated to Defendants that Plaintiff intended to file such a motion severely undercuts the arguments for excusing the failure to follow through on that intention within the designated time period. As one court noted in rejecting a similar motion, "[t]ime constraints are inherent in the legal profession" and even a heavy caseload, by itself, does not constitute "good cause" for "excusable neglect." *Ramos*, 2008 WL 4949896, at *6.

In sum, while the deadlines established by Congress for removals and remands may be short, the fact that the reasons for the delay in moving to remand this case were within the control and even the contemplation of Plaintiff's counsel suggests that Plaintiff's cannot make an adequate showing of "excusable neglect" to justify moving forward to the merits of the remand motion. To be sure, Defendant's arguments in opposition to the motion are not overpowering. The motion is not in bad faith, any prejudice to Defendant is minimal, and the length of delay should not impact the judicial proceedings. But Plaintiff's arguments in support of the motion are even more underwhelming. To begin with, any prejudice to Plaintiff is minimal. Although Plaintiff has lost the opportunity to seek remand to her preferred forum, she retains the ability to bring all of the claims that she could have brought in state court. And, more importantly, the reason for the delay was squarely within Plaintiff's control and could have been avoided by reviewing the file more promptly. Thus, while the Rule 6(b) factors are somewhat evenly balanced, in every instance the Court must be able to conclude that the failure to meet the initial deadline was "excusable." See *Rothernburg v. Marriott Int'l, Inc.*, 2008 WL 687033, at *1 (D. Md. Feb. 29, 2008) (noting that the most important factor considered by a court is the reason for the delay). In the end, the Court simply cannot reach that conclusion. Deadlines, particularly

statutory deadlines, are imposed for a reason and missing them cannot be lightly forgiven. See *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 523 (6th Cir. 2006) ("To accept the plaintiffs' argument [that a one or two delay is necessarily excusable neglect] would deprive the term 'deadline' of much of its meaning").

Notably, neither Plaintiff's briefs nor the Court's own research has revealed any prior instance in which a court has granted a Rule 6(b)(1)(B) motion after a party missed a deadline to remand. A similar motion was rejected after being filed one day late. See *Ramos*, 2008 WL 4949896, at *6-7. Indeed, the Seventh Circuit at least has suggested – although perhaps nobody raised a Rule 6(b) motion in the case – that once the thirty days to remand have expired, the plaintiff has waived the opportunity to seek, and the court lacks authority to grant, a remand to state court. See, *e.g.*, *Doe v. GTE Corp.*, 347 F.3d 655, 657 (7th Cir. 2003) (noting that although the "defect in removal process could have justified remand, but because 30 days passed without protest – and the problem does not imperil subject-matter jurisdiction – the case is in federal court to stay").

### III. Conclusion

For the foregoing reasons, Plaintiff's motion for leave to file a motion to remand [12] this case to the Circuit Court of Cook County is denied.

Dated: August 25, 2009  _____
Robert M. Dow, Jr.
United States District Judge

9